NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LANCE WEBER, *Petitioner*.

No. 1 CA-CR 26-0013 PRPC

FILED 07-02-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2015-000856-001
The Honorable Christopher A. Coury, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Lance Weber, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

**J A C O B S**, Judge:

¶1         Lance Weber seeks review of the superior court's dismissal of his successive and untimely post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 32.1.  We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2         Weber met Nancy, a pseudonym, at the Yucca Tap Room bar in Tempe.  They conversed.  Nancy told him her father had just passed.  Weber consoled her with a consensual hug, and Nancy gave Weber her phone number.  As the evening progressed, they kissed in the bar, and Weber would at times put his arm around Nancy or place his hand on her leg.  Eventually, Nancy said she was going home, and Weber asked if she could give him a ride.  Nancy agreed, and they left the bar together.

¶3         Nancy went to Weber's residence, used his bathroom, and engaged in consensual kissing and petting.  Nancy told Weber that she needed to go home and went to leave.  Weber blocked Nancy from leaving and told her that "having sex will help you relax."  Nancy told Weber she did not want to have sex with him, causing him to become aggressive.  Even though Weber was restraining Nancy on his couch, Nancy managed to stand up and attempted to leave, but Weber pulled her back and pulled off her pants and underwear.  Nancy resisted, trying to hit or scratch Weber and telling him to "Stop.  Please stop.  Why are you doing this to me?"  Weber digitally penetrated Nancy three times and attempted penile-vaginal intercourse.  Nancy fought back, freed herself, and ran out of the home, leaving her shoes and wallet behind.

¶4         Nancy drove to her apartment and woke her roommate.  According to Nancy's roommate, Nancy was hysterically sobbing to the point she could not understand her.  The roommate confirmed that Nancy was wearing only underwear and a T-shirt.  And the roommate noticed bruises on Nancy's neck that were not there when she left for the evening.  Eventually, Nancy and her roommate contacted the police, and a forensic nurse examined Nancy and found that she had 34 injuries on her.

¶5         The police investigated Nancy's claims and found her shoes and wallet at the residence Nancy described.  The police spoke with Weber, who at first denied being with Nancy or being at the residence where the alleged assault occurred.  But Weber had visible injuries consistent with

Nancy's account of their struggle. A later DNA analysis revealed Weber's DNA on Nancy's breasts.

**¶6** A grand jury indicted Weber for kidnapping, sexual assault, sexual abuse, simple assault, and an attempt to commit sexual assault. The jurors convicted Weber for two counts of sexual assault, one count of attempted sexual assault, and two counts of simple assault. The court sentenced Weber to a total of 14 years' imprisonment with a supervised probation tail. He appealed, and we affirmed his convictions and sentences. *State v. Weber*, 1 CA-CR 16-0548, 2017 WL 6567997 (Ariz. App. Dec. 26, 2017) (mem. decision).

**¶7** Weber filed a PCR petition raising claims of Ineffective Assistance of Counsel ("IAC") and newly discovered evidence. Weber claimed the State failed to provide the entire surveillance video from the bar to the defense. The court denied the petition for failing to state a colorable claim. Weber did not seek review with this court.

**¶8** Weber filed a second PCR petition almost five years after the denial of the first. In that petition, Weber raised these claims:

> 1. Was it ineffective assistance of counsel to fail to show the remaining video surveillance footage to the jury?
>
> 2. Was it ineffective assistance of counsel to fail to investigate the remaining surveillance video cameras located in and outside of the Yucca Tap Room?
>
> 3. Can no reasonable factfinder find Mr. Weber guilty of the sexual assault offenses beyond a reasonable doubt due to the jury not finding Mr. Weber guilty of kidnapping?

The State responded, noting the petition was untimely and successive. The superior court denied the petition, finding that issues were precluded, and "with respect to incomplete video footage, had been considered previously" and the added video footage was not newly discovered and was "cumulative impeachment."

**¶9** Weber filed a pro se PCR petition. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 13-4031, -4239; Ariz. R. Crim. P. 33.16.

**DISCUSSION**

**¶10**        This Court will not disturb a superior court's ruling on a PCR petition absent an abuse of discretion or error of law. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012); *State v. Macias*, 249 Ariz. 335, 340 ¶ 16 (App. 2020). It is the petitioner's burden to show the superior court abused its discretion by denying the petition for post-conviction relief. *State v Reed*, 252 Ariz. 236, 238 ¶ 6 (App. 2021). We review the court's legal conclusions *de novo*. *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017). A defendant must strictly comply with the PCR rules to be eligible for relief. *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005); *State v. Carriger*, 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief.").

**I.      Rule 32.2 Precludes Weber's IAC Claims and Subclaims.**

**¶11**        Weber raises several claims and subclaims about IAC, some of which appear to come from his first PCR petition. Rule 32.2 precludes consideration of these issues.

**¶12**        Rule 32.4 sets forth three general timing requirements for PCR petitions by defendants who are found guilty after a trial. Claims asserting a constitutional basis must be filed within 90 days of sentencing or 30 days after the mandate in the defendant's direct appeal, whichever is later. Ariz. R. Crim. P. 32.4(b)(3)(A). Any other claim (Rule 32.1(b) through (h)), such as actual innocence, must be filed "within a reasonable time after discovering the basis of the claim." Ariz. R. Crim. P. 32.4(b)(3)(B). Rule 32.4(b)(3)(D) allows a court to excuse an untimely filing for a constitutional violation if the failure to file timely "was not the defendant's fault." *See State v. Lopez*, 234 Ariz. 513, 515 ¶ 9 (App. 2014) ("[A] defendant who fails to timely file a notice of appeal—like a defendant who does not timely file a notice of post-conviction relief—has no remedy unless that defendant can demonstrate, pursuant to Rule 32.1(f), that the 'failure to file a notice of post-conviction relief . . . within the prescribed time was without fault on the defendant's part.'").

**¶13**        Even if a defendant timely files a PCR petition, they cannot obtain relief under Rule 32.1(a) (constitutional violations) if the claim was previously adjudicated on the merits in an appeal or a previous PCR proceeding, Ariz. R. Crim. P. 32.2(a)(2), or waived at trial, on appeal, or "in any previous post-conviction proceeding," Ariz. R. Crim. P. 32.2(a)(3). "The ground of ineffective assistance of counsel cannot be raised repeatedly." *Stewart v. Smith*, 202 Ariz. 446, 450 ¶ 12 (2002). Generally, "where ineffective assistance of counsel claims are raised, or could have

been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded." *State v. Spreitz*, 202 Ariz. 1, 2 ¶ 4 (2002) (emphasis omitted); *State v. Anderson*, 257 Ariz. 226, 231 ¶ 21 (2024); *see also State v. Traverso*, 260 Ariz. 409, --- ¶ 34 (2025) ("[W]hether a defendant must personally waive an IAC claim to warrant preclusion under Rule 32.2(a)(3) depends on the particular right implicated by the allegedly ineffective representation." (quoting *State v. Diaz*, 236 Ariz. 361, 362 ¶ 9 (2014))).

**¶14** Because reviewing a PCR petition is discretionary, we do not review for fundamental error. *State v. Smith*, 184 Ariz. 456, 459 (1996). And fundamental error is not an exception to preclusion under the PCR rules. *State v. Swoopes*, 216 Ariz. 390, 403 ¶ 42 (App. 2007). Any court "may determine by a preponderance of the evidence that an issue is precluded." Ariz. R. Crim. P. 32.2(b); *see State v. Quijada*, 246 Ariz. 356, 362 ¶ 13 n.1 (App. 2019) ("[T]his court has the discretion to apply preclusion on review.").

**¶15** This Court issued its mandate on Weber's direct appeal on August 6, 2018. Weber filed the current PCR notice on February 25, 2025. That was more than 30 days after the appellate mandate, so Weber could not raise constitutional claims unless he could show the late filing was not his fault. Ariz. R. Crim. P. 32.4(b)(3)(D). But Weber failed to adequately explain the long delay between filings, beyond noting he was pro se in the first PCR proceeding and lacked access to the full video surveillance. But Weber had counsel in his first PCR proceeding; counsel found no colorable claim. And Weber raised issues pro se about the video surveillance.

**¶16** Even if we were to consider the petition timely, Weber's IAC claim is precluded. Weber conceded his trial counsel had the complete surveillance recordings. His first PCR counsel reviewed the record and determined there were no colorable claims. Weber tried to raise the IAC surveillance issue, but that precludes him from raising it again in this untimely, successive PCR proceeding. The superior court did not abuse its discretion by denying the claim.

## II. Weber Did Not Show by Clear and Convincing Evidence that He Is Innocent of the Crimes Charged.

**¶17** Unlike constitutional or IAC claims, which are subject to express deadlines, a claim of actual innocence only needs to be raised "within a reasonable time." Ariz. R. Crim. P. 32.4(b)(3)(B). Under the "within a reasonable time" standard, a court must assess the passage of time given the consequences of a failure to address the merits of the claim

and the prejudice to the State or victim.  *Reed*, 252 Ariz. at 239 ¶ 14.  Weber asserts his innocence, and the State did not assert prejudice in its PCR response.  *See id.*  Thus, we address the merits of Weber's claim.

**¶18**　　　　Rule 32.1(h) provides relief if a defendant can show "by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt."  "Restating arguments about the trial record does not establish a Rule 32.1(h) claim." *State v. Evans*, 252 Ariz. 590, 598 ¶ 30 (App. 2022).

**¶19**　　　　Weber argues that the complete surveillance video would show he is innocent of the crime.  His claim lacks merit.  None of the crimes for which the jurors convicted Weber were based on his conduct at the bar. The trial evidence was clear on this point.  Snippets of the surveillance video show Weber and Nancy engaged in consensual flirting and kissing.  The jurors knew the behavior lasted for hours, not just for the snippets shown of the couple engaging in the behavior.  Nancy freely admitted engaging in consensual public displays of affection at the bar, and that she agreed to give Weber a ride to what she believed was his home.  Jeff, Weber's friend who went with him to the bar, testified for the State and related how he saw the couple "caressing," "French kissing," and holding each other throughout the two hours at the bar.

**¶20**　　　　Additional evidence about what happened at the bar would not be material, since the behavior was not disputed.  *See State v. Denz*, 232 Ariz. 441, 447-48 ¶ 22 (App. 2013) (Evidence that simply contradicts some of the evidence presented at the trial does not establish a Rule 32.1(h) claim.).  The dispute was over what took place at the residence.  The jurors were free to believe Nancy and the corroborative evidence of her account of what happened or Weber's version of the events.  Adding the full surveillance video does not, by clear and convincing evidence, prove that no reasonable juror would have reached a different result.  The superior court did not abuse its discretion by denying the claim.

## CONCLUSION

¶21　　　We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:　　　JR